Clerk's copy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 1 2 1999

CLERK

JOHNNY RAY CHANDLER,

Plaintiff,

v.  No. CIV-98-1337 JC/WWD

MS. ANN GARCIA,
MR. JUAN IBARRA,
CORRECTIONS CORPORATION OF AMERICA,

Defendants.

ENTERED ON DOCKET
1/13/99

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6), to consider Plaintiff's original and supplemental civil rights complaints (Doc. #1 and 9) filed October 27 and December 3, 1998 (together "the complaint"). Also before the Court are Plaintiff's three motions to amend the complaint (Doc. #11, 20, and 25) filed December 9 and 30, 1998, and January 4, 1999; four motions for injunctive relief (Doc. #12, 13, 15, and 18) filed December 9, 10, 11, and 28, 1998; a motion for extension of time (Doc. #14) filed December 11, 1998; request for clarification (Doc. #17) filed December 16, 1998; motion for to produce evidence (Doc. #21) filed December 30, 1998; and motion for reconsideration (Doc. #22) filed December 30, 1998. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, the complaint will be dismissed for failure to state a claim upon which relief can be granted; the motion to amend filed January 4, 1999, will be granted; and all other motions will be denied.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action ... is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under

Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff's television was taken from his cell, even though other inmates with the same classification were allowed to have televisions, and that Plaintiff was denied access to a law library while he was in administrative segregation. Plaintiff claims these actions were in violation of his rights of equal protection under the Fourteenth Amendment and of access to the courts under the First Amendment. Plaintiff seeks damages and return of his television.

First, no relief can be granted on Plaintiff's claim for denial of television privileges. Disparate access to television for similarly classified inmates does not implicate the Equal Protection Clause. *Ladd v. Stotts* 1994 WL 725099, at *1 (unpublished, text in Westlaw) (D. Kan. 1994); *cf. More v. Farrier*, 984 F.2d 269, 270 (8th Cir.) (disparate access to cable television not an equal protection violation), *cert. denied*, 510 U.S. 819 (1993); *see also Glasshofer v. Jeffes*, 1989 WL 95360, at *2 (unpublished, text in Westlaw) (E.D. Pa. 1989) ("it is doubtful whether there can be any federally protected right to the use of television by inmates... Without such a right, it follows, *a fortiori*, that any restriction placed on use of the television cannot deprive inmates of a constitutionally protected right."), *aff'd*, 897 F.2d 521 (3d Cir. 1990). This claim will be dismissed.

Second, denial of Plaintiff's access to a law library while he was in administrative

segregation does not violate constitutional protections. This claim requires that Plaintiff "establish relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), resulting from officials' actively interfering with his attempts to prepare and file legal documents. *Id.* at 350. The Supreme Court's "main concern here is 'protecting the ability of an inmate to prepare a petition or complaint.' " *Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). Plaintiff's § 1983 action may not be based on claims of an "abstract, free-standing right to a law library or legal assistance,... [or] that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Lewis*, 518 U.S. at 351. Here, Plaintiff only alleges that he is unable to undertake unspecified legal research. Because the Constitution does not ensure the access requested by Plaintiff, and because he does not allege any active interference with his preparation and filing of papers, no relief can be granted on his claim. The complaint will be dismissed.

Two of the motions to amend (Doc. #11 and 20) seek to add an additional First Amendment claim for denial of use of a typewriter during Plaintiff's administrative segregation and an Eighth Amendment claim for failure to safeguard Plaintiff's well-being. For purposes of this opinion, it assumed that leave to amend is not required, Fed.R.Civ.P. 15(a), and the substance of these claims is thus considered under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). First, denial of access to a typewriter simply does not implicate the First Amendment. "Access to the courts does not include a federally protected right to use a typewriter or to have one's pleadings typed." *Twyman v. Crisp*, 584 F.2d 352, 358 (10th Cir. 1987). This claim will be dismissed.

Second, the Eighth Amendment claim will be dismissed as unsupported by Plaintiff's factual allegations. He alleges that he is in fear for his safety because another inmate threatened him after a spitting incident. The general rule in the usual case, however, is that mere words, without more,

do not invade a federally protected right. *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (idle threats of violence do not rise to the level of an Eighth Amendment violation). By implication, a defendant's failure to protect an inmate from idle threats by fellow inmates does not violate the Eighth Amendment. This claim will be dismissed.

One motion for injunction (Doc. # 12) seeks an order requiring that Defendants rescind the freeze on Plaintiff's inmate account which had prevented him from making payments required by the in forma pauperis statute. Plaintiff has now submitted an initial partial payment and the motion is moot. A subsequent freeze of the account is the subject of Plaintiff's third motion to amend (Doc. # 25), which will be granted.

The two other injunction motions (Doc. #13 and 15) seek disclosure of names and addresses of a number of additional defendants. These motions will be denied for failure to indicate the nature of claims against these purported defendants; such information can be obtained through discovery. Last, a motion for return of certain of Plaintiff's personal property (Doc. #18) does not surmount the Supreme Court's holdings in *Parratt v. Taylor*, 451 U.S. 527 (1981), and *Hudson v. Palmer*, 468 U.S. 517, 534 (1984). This claim may be asserted in state court.

Plaintiff's motion for extension of time (Doc. #14) filed December 11, 1998, is now moot and will be denied. The request for clarification (Doc. #17) filed December 16, 1998, will be denied, and the motion to produce evidence (Doc. #21) filed December 30, 1998, will be denied as premature. The motion for reconsideration (Doc. #22) filed December 30, 1998, will be denied because the file does not indicate that Defendants have been served.

IT IS THEREFORE ORDERED that Plaintiff's original and supplemental civil rights complaints (Doc. #1 and 9) filed October 27 and December 3, 1998, are DISMISSED with prejudice;

4

IT IS FURTHER ORDERED that Plaintiff's motion to amend complaint (Doc. #25) filed January 4, 1999, is GRANTED, and within ten days from entry of this order, Plaintiff may file an amended complaint limited to the factual circumstances leading up to the November 23, 1998, freeze of his inmate account;

IT IS FURTHER ORDERED that Plaintiff's other two motions to amend complaint (Doc. #11 and 20) filed December 9 and 30, 1998, are DENIED as moot, and the claims therein are DISMISSED with prejudice;

IT IS FINALLY ORDERED that Plaintiff's four motions for injunctive relief (Doc. #12, 13, 15, & 18) filed December 9, 10, 11, and 28, 1998; motion for extension of time (Doc. #14) filed December 11, 1998; request for clarification (Doc. #17) filed December 16, 1998; motion to produce evidence (Doc. #21) filed December 30, 1998; and motion for reconsideration (Doc. #22) filed December 30, 1998, are DENIED.

UNITED STATES DISTRICT JUDGE