CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
AT ALBUQUERQUE NM
SEP 2 0 1999
ROBERT M. MARCH
CLERK

JOHNNY RAY CHANDLER,

Plaintiff,

v.  No. CIV-98-1337 JC/WWD

MS. ANN GARCIA,
MR. JUAN IBARRA,
CORRECTIONS CORPORATION OF AMERICA,

Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*, following dismissal of Plaintiff's appeal from an earlier memorandum opinion and order, for further consideration of Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 (Doc. #2) filed October 27, 1998. For the reasons below, the motion will be denied.

Plaintiff has filed ten actions in this Court, one of which was dismissed for failure to state a claim upon which relief can be granted. *Chandler v. Dorsey*, No. CIV-98-1483 M/RJD. *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (a court may take judicial notice of its own records). According to the automated docketing system of the U.S. District Court for the District of Columbia, Plaintiff has filed at least thirty-six prior civil actions in that court while he was incarcerated in Lorton, Virginia. At least three of those actions were dismissed "pursuant to the provisions of 28 U.S.C. § 1915(d)." *Chandler v. Barry*, No. 1:95cv1169; *Chandler v. Moore*, No. 1:95cv1182; *Chandler v. Hammon*, No. 1:95cv1425. *See St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir.1979) (federal courts may take notice of judicial proceedings in other courts if they have a direct



relation to matters at issue); *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) ("court may take judicial notice of the prior litigation.").

In 1996, the provisions of 28 U.S.C. § 1915 were amended to prohibit inmate-plaintiffs from filing successive or repetitious actions in forma pauperis. The pertinent subsection reads:

> In no event shall a prisoner bring a civil action...under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action...that was dismissed on the grounds that it is frivolous, ...unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff's complaints have been preceded by the requisite number of dismissals and do not allege imminent danger of serious physical injury. Under the factors specified in § 1915(g), the motion for leave to proceed pursuant to 28 U.S.C. § 1915 must be denied and the filing fee paid. *Pigg v. FBI*, 106 F.3d 1497 (10th Cir. 1997)*White v. State of Colorado*, 157 F.3d 1226, 1234 (10th Cir. 1998) (upholding constitutionality of "three strikes" provisions in § 1915(g)), *cert. denied*, --- U.S. ---, 119 S.Ct. 1150 (1999); *Schlicher v. Thomas*, 111 F.3d 777, 781 (10th Cir. 1997).

IT IS THEREFORE ORDERED that the order (Doc. #4) entered November 5, 1998, granting Plaintiff leave to proceed pursuant to 28 U.S.C. § 1915, is hereby SET ASIDE; and Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 (Doc. #2) filed October 27, 1998, is DENIED;

IT IS FURTHER ORDERED that Plaintiff may, within twenty (20) days from entry of this order, submit the remaining amount owed ($145.80) of the $150.00 filing fee; the Court will not review the merits of the amended complaints or issue summons until the filing fee is paid; and failure to submit the balance of the filing fee may result in dismissal without prejudice without further notice.

/s/ John Edwards Conway
UNITED STATES DISTRICT JUDGE